FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2016 AUG 26  AM 10: 47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**ALBERT MEYER,**

    **Plaintiff,**

vs.

**FEDEX FREIGHT, INC.,
a FOREIGN PROFIT
CORPORATION,**

    **Defendant.**

_____ /

CASE NO.:

3: 16 CV 1090-J-32 JRK

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ALBERT MEYER ("Mr. Meyer" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, FEDEX FREIGHT, INC. ("FEDEX" OR "Defendant"), a foreign profit corporation and alleges the following:

1.  Plaintiff brings these claims for age and gender discrimination, sexual harassment, and retaliation, against Defendant for its unlawful treatment of Plaintiff pursuant to the ADEA, Title VII and the FCRA. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages (under the ADEA), punitive damages, and his attorneys' fees and costs.

## JURISDICTION

2.  The Court has original jurisdiction over Plaintiff's federal and state law claims as they arise under both federal and state law.

## VENUE

3.  Venue is proper because at all times relevant, Defendant conducted substantial business in Duval County, Florida, and Plaintiff worked for Defendant in Duval County,

Florida, where the actions at issue took place.

## PARTIES

4.      During all times relevant, Plaintiff lived in Duval County, Florida.

5.      Plaintiff is protected by the ADEA and FCRA on his age discrimination and retaliation claims because:

    a.      He is an employee over the age of forty (40) who suffered harassment, discrimination, and retaliation because of his age by Defendant based on comments that were subjectively and objectively offensive;

    b.      He suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to this protected category; and

    c.      Plaintiff also was retaliated against and fired for opposing Defendant's illegal and discriminatory workplace practices in this regard.

6.      Plaintiff is protected by Title VII and the FCRA on his gender, sexual harassment, and retaliation claims because:

    a.      He is a male employee who suffered harassment, discrimination, and retaliation because of his gender by Defendant based on comments and actions that were subjectively and objectively offensive;

    b.      He suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of belonging to these protected categories; and

    c.      Plaintiff also was retaliated against and fired for opposing Defendant's illegal and discriminatory workplace practices in this regard.

7.      Defendant was at all material times an "employer" as envisioned by the ADEA, Title VII and the FCRA because it employed in excess of 20 employees at all times material hereto.

## CONDITIONS PRECEDENT

8.      Plaintiff, on or about September 14, 2015, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") against Defendant.

9.      On June 15, 2016, Plaintiff received a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims. The FCHR found cause to believe that Plaintiff was subjected to illegal conduct by the Defendant.

10.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

11.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

12.     Plaintiff worked for Fedex from April 12, 2010, until his wrongful termination on June 11, 2015.

13.     During his tenure with Fedex, Plaintiff was an exemplary employee with no significant documented history of attendance, disciplinary or performance issues.

14.     Plaintiff worked for Fedex without incident until his transfer to Jacksonville, Florida on October 6, 2014.

15.     Shortly after Plaintiff's arrival at Fedex's Jacksonville Service Center, Joe McLeod, the Dispatch Supervisor, began making highly offensive remarks to Plaintiff about his age and about Mr. Meyer's alleged (and completely baseless) homosexual tendencies.

16.     Mr. McLeod started with remarks about Plaintiff's gray in his hair, and his age.

17.     Mr. McLeod stated that Plaintiff was "too old to satisfy [his] young wife," and Mr. McLeod further volunteered to "assist" Plaintiff in "satisfying" his wife.

3

18.    Incredibly, Mr. McLeod used Fedex's proprietary "InterMec" handheld device system to relay these inappropriate remarks to Plaintiff and other drivers.

19.    On multiple occasions, Plaintiff would dutifully pull off to the side of the road when he received an incoming "InterMec" message from Mr. McLeod, assuming that Mr. McLeod had some important routing or delivery instructions for him to heed.

20.    When Plaintiff opened the messages, however, he would see that Mr. McLeod was simply relaying homosexual innuendoes or other impertinent and inappropriate remarks that were both highly offensive and discriminatory.

21.    One morning, Plaintiff walked in to work and was greeted by Mr. McLeod loudly shouting, "Hey, Sugar!"

22.    Plaintiff initially ignored this comment.

23.    The next day, Mr. McLeod repeated his "greeting" of "Hey, Sugar!"

24.    Mr. McLeod then asked another driver if he knew why he (Mr. McLeod) called Plaintiff "Sugar." The driver said "no."

25.    Mr. McLeod then explained to this employee that "when Albert is in the jail cell with Bubba, Bubba makes Albert put powdered Kool-Aid on his lips so he can be his sweet bitch" in an unfounded and detestably grotesque reference to Mr. Meyer hypothetically performing fellatio on a theoretical cellmate named "Bubba."

26.    Mr. McLeod and the other drivers laughed.

27.    Soon thereafter, other drivers, following management's lead, would call out "Hey, Sugar!" when they walked past Plaintiff.

28.    Fed up and offended by this behavior, Plaintiff challenged Mr. McLeod about his abusive remarks and objected stating that the comments were illegal and discriminatory, and he wanted them to stop.

4

29.    Mr. McLeod, in a wrathful response to being questioned and objected to, assigned Mr. Meyer to the deeply disfavored Sysco routes, with which Plaintiff was completely unfamiliar, in order to punish Plaintiff for having the temerity to speak up for himself and his rights.

30.    Plaintiff then brought his concerns and objections to this discriminatory, harassing, and retaliatory conduct to Frank Dyer, Fedex's location manager.

31.    At that time, Plaintiff relayed his strong objection to Mr. McLeod's remarks about his age, his favoritism towards younger drivers, his alleged inability to "satisfy his young wife," and his alleged (though completely untrue) homosexual proclivities.

32.    Mr. Dyer agreed and said "[i]t's time I got involved."

33.    Mr. Dyer asked Plaintiff at that time whether he knew Mark Ferguson, another driver.  Plaintiff responded in the affirmative.

34.    Mr. Dyer then told Plaintiff that Mr. Ferguson had encountered the exact same problems with Mr. McLeod.

35.    Mr. Dyer indicated to Plaintiff that he had been able to provide relief to Mr. Ferguson from his torment at the hands of Mr. McLeod and would do the same for Plaintiff.

36.    On June 11, 2015, however, Mr. Dyer turned on Plaintiff.

37.    On or around that date, Mr. McLeod had again stuck Plaintiff with the disfavored Sysco run, and Mr. Meyer had objected because the assignment was retaliation for his objections to the above illegal conduct described.  Mr. Dyer supported Mr. McLeod in this dispute.

38.    Therefore, now empowered with the support of his management, Mr.

5

McLeod continued his abusive remarks and behaviors, and his favoritism towards younger drivers, and nothing changed in a positive direction.

39.    Not surprisingly therefore, less than a month after Plaintiff's last objection to the illegal, discriminatory, and retaliatory conduct to which he was being subjected, Mr. Dyer terminated Plaintiff's employment on July 9, 2015, without valid reason or cause.

40.    Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA, Title VII, and the FCRA.

41.    Defendant does not have a non-discriminatory rationale for its manager's conduct, and the separation of Plaintiff's employment.

42.    Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the harassment, discrimination, and retaliation he endured at the hands of the Defendant.

### COUNT I- AGE HARASSMENT/ DISCRIMINATION UNDER THE ADEA

43.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-42, as if fully set forth in this Count.

44.    During his employment, Plaintiff was subjected to severe and pervasive harassment and discrimination based on his age.

45.    Plaintiff objected to this conduct, but Defendant's management failed to remedy and/or correct same.

46.    Plaintiff suffered an adverse action as a direct result of Defendant's treatment toward him based on his age.

47.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

48.    Issue a declaratory judgment that the harassment/discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights the ADEA;

49.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the harassment/discrimination through reinstatement, or, if that is not practical, through an award of front pay;

50.    Grant Plaintiff a judgment against Defendant for damages, including lost wages, compensatory damages, liquidated damages, and any and all other damages permitted by law;

51.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to Title VII.

52.    Provide any additional relief that this Court deems just.

## COUNT II- AGE HARASSMENT/DISCRIMINATION UNDER THE FCRA

53.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-42, as if fully set forth in this Count.

54.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age harassment/discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

55.    The harassment to which Plaintiff was subjected was based on his age.

56.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

7

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

57.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

58.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

59.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

60.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

61.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the harassment/discrimination through reinstatement, or, if that is not practical, through an award of front pay;

62.     Grant Plaintiff a judgment against Defendant for damages, including lost wages, compensatory damages, emotional distress damages, punitive damages, and any other damages available under the law;

63.     Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

64.     Provide any additional relief that this Court deems just.

8

## COUNT III – SEXUAL HARASSMENT/GENDER DISCRIMINATION
## UNDER TITLE VII

65.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-42, as if fully set forth in this Count.

66.    During his employment, Plaintiff was subjected to severe and pervasive harassment and discrimination based on his gender.

67.    The conduct to which Plaintiff was subjected was objectively and subjectively offensive to any reasonable person.

68.    Plaintiff objected to this conduct, but Defendant's management failed to remedy and/or correct same.

69.    Plaintiff suffered an adverse action as a direct result of Defendant's treatment toward him.

70.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## REQUEST FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff prays that this Court will:

71.    Issue a declaratory judgment that the harassment/discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

72.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the harassment/discrimination through reinstatement, or, if that is not practical, through an award of front pay;

73.    Grant Plaintiff a judgment against Defendant for damages, including lost

9

wages, compensatory damages, emotional distress damages, punitive damages, and any other damages available under the law;

74.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to Title VII.

75.    Provide any additional relief that this Court deems just.

## COUNT IV– SEXUAL HARASSMENT/GENDER DISCRIMINATION UNDER THE FCRA

76.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-42, as if fully set forth in this Count.

77.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/ gender discrimination under the Florida Civil Rights Act, Chapter 760, FLA. STAT.

78.    The harassment to which Plaintiff was subjected was based on his gender.

79.    The conduct to which Plaintiff was subjected was objectively and subjectively offensive to any reasonable person.

80.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

82.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), FLA. STAT.

83.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

84.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

85.    Requiring that Defendant make Plaintiff whole for his losses suffered as a result of the harassment/discrimination through reinstatement, or, if that is not practical, through an award of front pay;

86.    Grant Plaintiff a judgment against Defendant for damages, including lost wages, compensatory damages, emotional distress damages, punitive damages, and any other damages available under the law;

87.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

88.    Provide any additional relief that this Court deems just.

### COUNT V - AGAINST DEFENDANT FOR RETALIATION UNDER TITLE VII BASED ON OBJECTION TO ILLEGAL PRACTICES

89.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-42 as if fully set forth in this Count.

90.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment/discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

91.    The retaliation to which Plaintiff was subjected was based on his

11

opposition to Defendant's illegal harassment/discrimination.

92.    The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

94.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

95.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT V

WHEREFORE, Plaintiff prays that this Court will:

96.    Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

97.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not applicable or practical, through an award of front pay and/or promotion;

98.    Grant Plaintiff a judgment against Defendant for damages, including lost wages, compensatory damages, emotional distress damages, punitive damages, and any other damages available under the law;

99.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k); and

100.   Provide any additional relief that this Court deems just.

## COUNT VI - AGAINST DEFENDANT FOR RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON OBJECTION TO ILLEGAL PRACTICES

101.   Plaintiff realleges and adopts the allegations contained in paragraphs 1-42, as if fully set forth in this Count.

102.   The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing harassment/discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

103.   The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory harassment/discrimination.

104.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

106.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Fla. Stat.

107.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT VI

WHEREFORE, Plaintiff prays that this Court will:

108.   Issue a declaratory judgment that the retaliation against Plaintiff by

Defendant was a violation of Plaintiff's rights under the FCRA;

109.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and/or promotion;

110.    Grant Plaintiff a judgment against Defendant for damages, including lost wages, compensatory damages, emotional distress damages, punitive damages, and any other damages available under the law;

111.    Award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT; and

112.    Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this 8th day of August 2016.

Respectfully submitted,

By: _____
Noah E. Storch, Esq.
Florida Bar No.: 0085476
E-Mail: Noah@floridaovertimelawyer.com
Richard Celler, Esq.
Florida Bar No.:0173370
E-Mail: richard@floridaovertimelawyer.com
**RICHARD CELLER LEGAL, P.A.**
7450 Griffin Rd., Ste 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Counsels for Plaintiff*

14